**REAGAN FOR PRESIDENT COMMITTEE, Petitioner,**

v.

**FEDERAL ELECTION COMMISSION, Respondent.**

**No. 83–1666.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 8, 1984.

Decided May 15, 1984.

John J. Duffy, Washington, D.C., with whom Jack N. Goodman, Washington, D.C., was on the brief, for petitioner.

Richard B. Bader, Asst. General Counsel, Federal Election Commission, Washington, D.C., with whom Charles N. Steele, General Counsel and Miriam Aguiar, Atty., Federal Election Commission, Washington, D.C., were on the brief, for respondent.

Before WALD, BORK and STARR, Circuit Judges.

Opinion for the Court filed by Circuit Judge WALD.

Dissenting opinion filed by Circuit Judge STARR.

WALD, Circuit Judge:

 For the reasons set forth in our opinion issued today in *Kennedy for President Committee v. Federal Election Commission*, 734 F.2d 1558, we vacate the Commission's repayment order as to the Reagan for President Committee (Committee) and remand for further proceedings consistent with our opinion in No. 83–1521. As we found in *Kennedy for President Committee*, section 9038 of title 26 requires that repayment orders be limited to the amount of federal funds that the Commission reasonably determines were spent by the Committee for unqualified purposes. The Commission's regulations establish an unreasonable presumption that all unqualified expenditures are paid entirely out of federal funds. Because our analysis applies equally to campaigns that end in a deficit and to those that end with a surplus, our holding in *Kennedy for President Committee* extends to both kinds of campaigns.[1] *Cf.* Committee Brief at 13 (arguing that the Commission repayment formu-

la would be unreasonable as to surplus campaigns even if it were reasonable as to deficit campaigns).

*So ordered.*

STARR, Circuit Judge, dissenting:

For the reasons set forth in my dissenting opinion in *Kennedy for President Committee v. Federal Election Commission*, 734 F.2d 1558, I dissent from the majority's decision in this case.

---

1. The procedural posture of this case is also the same as *Kennedy for President Committee* in all relevant respects. The Reagan Committee raised the repayment formula issue months before the FEC made its final decision, and the FEC addressed the contention on the merits in

its final decision. We find that the doctrine of exhaustion of administrative remedies does not pose an obstacle to judicial review of the dispute in this case. *See Kennedy for President Committee,* at 1560 n. 2.